UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
VIVIAN NAGUIB,

               Plaintiff,                       **ORDER**
                                                            **12 CV 2561 (ENV)(LB)**

  -against-

PUBLIC HEALTH SOLUTIONS,

               Defendant.
------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       Plaintiff's counsel moves to withdraw as plaintiff's attorney. ECF No. 47. Defendant opposes counsel's motion and requests that plaintiff be sanctioned with dismissal for her failure to appear for her May 1, 2014 deposition. ECF Nos. 48, 50. Plaintiff has filed an opposition to both motions. ECF No. 52. Plaintiff's counsel and defendant have replied. ECF Nos. 53-54. For the following reasons, plaintiff's counsel's motion to withdraw is granted in part and denied in part and defendant's motion for sanctions is denied without prejudice.

    **I.**     **Motion to Withdraw as Counsel**

       Plaintiff's counsel, Mr. Suffin, moves to withdraw because plaintiff refuses to cooperate and communicate with counsel regarding this litigation and because plaintiff, against her counsel's advice, failed to appear for her deposition on May 1, 2014. Plaintiff's counsel requests a retaining and charging lien. Plaintiff does not oppose her counsel's withdrawal, but argues that he is not entitled to a retaining and charging lien.

       Pursuant to Local Civil Rule 1.4 which governs withdrawal of attorneys, "[a]n attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." Satisfactory reasons include

"a client's lack of cooperation—including lack of communication—with counsel, and the existence of an irreconcilable conflict between attorney and client." Diarama Trading Co. v. J. Walter Thompson U.S.A., 01 Civ. 2950 (DAB), 2005 U. S. Dist. LEXIS 17008, at *4 (S.D.N.Y. Aug. 12, 2005) (internal quotation marks omitted); see also Ashmore v. Cgi Group, Inc., 11 Civ. 8611 (AT), 2014 U.S. Dist. LEXIS 51618, at *2 (S.D.N.Y. Apr. 7, 2014) (a breakdown of the attorney-client relationship is sufficient grounds for withdrawal); Winkfield v. Kirschenbaum & Phillips, P.C., 12 Civ. 7424 (JMF), 2013 U.S. Dist. LEXIS 12093, at *3-4 (S.D.N.Y. Jan. 29, 2013) (irreconcilable differences constitute a satisfactory reason for withdrawal). Here, Mr. Suffin accuses plaintiff of failing to cooperate in the litigation process and plaintiff accuses Mr. Suffin of failing to protect her interests. ECF No. 47, 52, 53. Both Mr. Suffin's motion and plaintiff's opposition reflect that the attorney-client relationship has broken down. See Ashmore v. CGI Group, Inc., 11 Civ. 8611 (AT), 2013 U.S. Dist. LEXIS 156953, at *4 (S.D.N.Y. Oct. 30, 2013) (explaining that plaintiff and counsel's "cross-allegations of untrustworthiness and dishonesty[] establish the breakdown in the attorney-client relationship"). Accordingly, counsel motion to withdraw is granted.[1]

**A. Charging Lien**

"Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services." Stair v. Calhoun, 722 F.Supp.2d 258, 267 (E.D.N.Y. 2010). Specifically, section 475 of the New York Judiciary Law provides:

> From the commencement of an action . . . the attorney who appears for a party has a lien upon his client's cause of action, claim or

---

[1] Defendant's only opposition to plaintiff's counsel's request to withdraw is that it will further delay this action. ECF No. 48. As set forth below, although the Court grants plaintiff's counsel's request for withdrawal, the Court extends the discovery schedule solely to allow plaintiff on last opportunity to appear for her deposition. Thus, counsel's withdrawal will not cause great delay.

> counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or the attorney may determine and enforce the lien.

N.Y. Judiciary Law § 475. In determining the amount of a withdrawing attorney's charging lien, "the outgoing attorney may either elect to take compensation on the basis of a fixed dollar amount, calculated based upon *quantum meruit* to approximate the reasonable value of his or her services, or, 'in lieu thereof, the outgoing attorney has the right to elect a contingent percentage fee based on the proportionate share of the work performed on the whole case.'" Varga v. Rent-a-Center East, Inc., Civ. Action No. 3:10-CV-0559 (MAD/DEP), 2012 U.S. Dist. LEXIS 179090, at *7 (N.D.N.Y. Dec. 18, 2012) (quoting Lai Ling Cheng v. Modansky Leasing Co., 539 N.E.2d 570 (N.Y. 1989)); accord Williams v. City of New York, CV-09-4167 (JBW)(VVP), 2011 U.S. Dist. LEXIS 68433, at *6-7 (E.D.N.Y. May 10, 2011). Mr. Suffin does not explicitly select either option, but requests "one third of the total settlement or award." ECF No. 53. His application most aligns with a request for a contingent percentage fee. Cf. Williams, 2011 U.S. Dist. LEXIS 68433, at *7 (explaining that if "an outgoing attorney does not make an election at the time of discharge, the attorney is presumed to have opted for a percentage of the contingent fee").

While the Court grants Mr. Suffin's request for a charging lien, Mr. Suffin is not automatically entitled to a one third of the total settlement or award. Rather, the value of the charging lien shall be determined by the Court as a percentage of any contingency fee ultimately recovered by plaintiff or substitute counsel based upon Mr. Suffin's pro rata share of the work. See id. at *8 ("the court should apportion fees obtained based on an assessment of the relative

proportion of work performed"); see also Greenberg v. Cross Island Indus., 522 F. Supp. 2d 463, 468-69 (E.D.N.Y. 2007) (an attorney's recovery is "measured by a percentage based on the proportionate share of the work performed"); Casper v. Lew Lieberbaum & Co., 97 Civ. 3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779, at *24 (S.D.N.Y. May 24, 1999) (discussing that the percentage may be fixed at the time of withdrawal, but "is better determined at the conclusion of the case when such factors as the amount of time spent by each lawyer on the case, the work performed and the amount of recovery can be ascertained").  Mr. Suffin shall keep tabs on the case and make an application to the Court at the appropriate time if plaintiff's case concludes in her favor.

### B. Retaining Lien

"Under New York law, a retaining lien entitles an attorney to keep, as security against payment of fees, all client papers and property, including money, that come into the attorney's possession in the course of employment, unless the attorney is discharged for good cause." Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir. 1991).  Where, as in this Title VII action, "a fee-shifting statute is involved, there is an implicit bargain between attorneys who undertake such cases and the public.  The statute provides a potential source of fees to prevailing counsel; in return counsel may not obstruct the course of the litigation.  In federal question cases of this type, retention of files should rarely if ever be permitted." Misek-Falkoff v. Int'l Bus. Machines Corp., 829 F.Supp. 660, 664 (S.D.N.Y. 1993); see also Wilson v. Pasquale's DaMarino's, Inc., 10 Civ. 2709 (PGG), 2013 U.S. Dist. LEXIS 41733, at *7 (S.D.N.Y. Mar. 24, 2013) ("retaining liens are rarely granted in cases brought under federal statutes that contain fee-shifting provisions").  Furthermore, as plaintiff is proceeding in forma pauperis, it is unlikely that she would be able to afford any lien imposed and authorizing a lien will delay the litigation.  See

Casper, 1999 U.S. Dist. LEXIS 7779, at *30 (considering delay and plaintiff's financial situation in denying counsel's request for a retaining lien). Accordingly, Mr. Suffin's request for a retaining lien is denied. Mr. Suffin shall turn over all discovery and other documents relating to this action to plaintiff forthwith. Mr. Suffin shall file proof that he complied with this Order by May 22, 2014. Whether plaintiff receives these materials, she is still required to appear for her deposition as set forth below.

   II.   **Motion for Sanctions**

Defendant requests that this action be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) for plaintiff's second failure to appear for her deposition. Although I previously warned plaintiff that I would recommend dismissal if she failed to appear for her May 1st deposition, and that warning still stands, the Second Circuit cautions that "[t]he sanction of dismissal 'is a drastic remedy that should be imposed only in extreme circumstances,' usually after consideration of alternative, less drastic sanctions." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) (quoting John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988)). Under the circumstances presented, in the abundance of caution, and in an effort to prompt plaintiff's compliance with the least drastic consequence, the Court affords plaintiff a **FINAL** opportunity to proceed in this litigation.

Defendant shall notice plaintiff's deposition for a date certain forthwith. A copy of the notice shall be filed with the Court by May 22, 2014, and sent by overnight mail to plaintiff. Plaintiff's deposition shall be taken at defendant counsel's office on that date. While the Court need not determine whether plaintiff's allegation that she received death threats has any merit, Desiree Bunch and Marta Bak shall not be present in person at the deposition. Bunch and/or Bak may participate by telephone in the deposition. Defendant may also choose to send a different

corporate representative to attend the deposition in person. No metal detectors are required. Absent exigent circumstances documented in writing and <u>received</u> at least forty-eight hours prior to the deposition, no request for an adjournment of the deposition shall be considered. If plaintiff fails to timely appear for this deposition, no further chances will be given and I shall recommend that this action should be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

Finally, the parties shall complete all discovery except for plaintiff's deposition by May 23, 2014, as previously scheduled. The Court extends the May 23, 2014 discovery deadline solely for the purpose of defendant conducting plaintiff's deposition. As plaintiff has had ample opportunity to engage in discovery both while pro se (from November 13, 2013 until her counsel appeared on February 4, 2013) and while represented by counsel (from March 19, 2014 to April 29, 2014), no request for an extension shall be considered. Any party that intends to move for summary judgment shall file a pre-motion conference request in accordance with Judge Vitaliano's within fourteen days of plaintiff's deposition.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 15, 2014
       Brooklyn, New York