UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
VIVIAN NAGUIB,

                Plaintiff,                                    **ORDER**
                                                                     **12 CV 2561 (ENV)(LB)**

   -against-

PUBLIC HEALTH SOLUTIONS,

                Defendant.
-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiff moves for reconsideration of my May 20, 2014 Order, ECF No. 57, that directs plaintiff's deposition to be held in the courthouse on June 4, 2014, and permits Ms. Bunch or Ms. Bak to attend plaintiff's deposition. ECF No. 60. Plaintiff argues that holding her deposition at the courthouse will not sufficiently protect her from Bunch and Bak. Id. Defendant opposes plaintiff's request for reconsideration. ECF No. 61. For the reasons set forth below plaintiff's request for reconsideration is denied.

      Fed. R. Civ. P. 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (E) designating the persons who may be present while the discovery is conducted." "'Rule 26(c) confers broad discretion on the trial court to decide when a protective order is necessary and what degree of protection is required.'" Calhoun v. Mastec, Inc., 03-CV-0386S(Sr), 2004 U.S. Dist. LEXIS 13744, at *9 (W.D.N.Y. June 1, 2004) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)); see also Galella v. Onassis, 487 F.2d 986, 997(2d Cir. 1973) ("The grant and nature of protection is singularly within the discretion of the district court . . . ."). Holding plaintiff's deposition at the courthouse and permitting Bak or Bunch to participate as defendant's representative sufficiently balances plaintiff's security concerns and

defendant's interest in effectively litigating this case. As I have stated at conferences, just as plaintiff has the right to bring this case, defendant has the right to defend itself. Defendant has designated Bunch and Bak as the people with relevant knowledge of the issues in the case.

Plaintiff points to no mistake, new evidence, fraud, misconduct, or any other reason that would justify reconsideration of my decision. See Fed. R. Civ. P. 60 (setting forth the grounds for reconsideration of a court order). Plaintiff does not get to dictate conditions for her appearance at the deposition. Plaintiff will just have to deal with her feelings that this "is really unfair." The Court shall not consider this matter again. Accordingly, plaintiff's deposition shall proceed as scheduled at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201 on June 4, 2014, at 9:30 a.m. in Room 302S. See ECF Nos. 57, 59.

Defendant's counsel and defendant's representative shall abide by the procedures set forth in my May 20, 2014 Order which prohibits Bunch and Bak from directly communicating with plaintiff and from being alone with plaintiff at any time. See ECF No. 57. Although the Court believes these procedures are sufficient, these additional measures shall be observed:

1) Bunch or Bak may attend the deposition in person, not both.

2) Defendant's counsel shall arrive at the courthouse with his client's representative no later than 9:00 a.m. on June 4, 2014. Plaintiff shall arrive at the courthouse no earlier than 9:10 a.m.

3) At the end of the deposition, plaintiff shall be excused first and plaintiff shall immediately leave the courthouse. Defendant's counsel and his client's representative shall wait at least fifteen minutes after plaintiff's departure before leaving the courthouse.

Defendant's counsel, as an officer of the Court, shall ensure that his client's representative complies with these procedures.

The Court has afforded plaintiff, who is once again proceeding pro se, wide latitude in the case. Plaintiff has twice unilaterally canceled or failed to appear for her deposition. This is plaintiff's case to vindicate her rights and the Court hereby orders her to appear for her deposition on June 4, 2014. The Court shall not allow plaintiff to cancel the deposition or fail to appear again. Plaintiff is once again warned in the strongest possible language that if she fails to timely appear for her deposition on June 4, 2014, at 9:30 a.m., no further chances will be given and I shall recommended that this action should be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 303 (2d Cir. 2009) (affirming Rule 37 dismissal for plaintiff's failure to comply with court orders and failure to appear at scheduled depositions); see also Muina v. H.P.D., 91 Civ. 4154 (DNE), 1994 U.S. Dist. LEXIS 3815 (S.D.N.Y. Mar. 31, 1994) (upholding dismissal of plaintiff's case even though plaintiff attributed his failure to appear for his deposition to death threats from defendants).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 29, 2014
   Brooklyn, New York