UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
VIVIAN NAGUIB,

                     Plaintiff,

        -against-

PUBLIC HEALTH SOLUTIONS,

                     Defendant.
---------------------------------------------------------------x

**MEMORANDUM & ORDER**

12-cv-2561 (ENV) (LB)

VITALIANO, D.J.,

    Plaintiff Vivian Naguib, originally *pro se*, then briefly represented, and now *pro se* once again, brings this employment discrimination action against her former employer, defendant Public Health Solutions ("Public Health"). Naguib has thrice declined to appear for her deposition, despite being specifically ordered to do so by Magistrate Judge Lois Bloom, and in the face of numerous warnings that failure to attend would result in dismissal of her claim. On June 16, 2014, Judge Bloom issued a Report and Recommendation ("R&R"), which concluded that the Court should dismiss the action with prejudice pursuant to Fed. R. Civ. P. 37(B)(2)(A)(v). On June 30, 2014, Naguib filed a timely objection to the R&R. No other objections have been filed.[1]

## Background

    Naguib commenced this action on May 18, 2012, asserting employment discrimination under Title VII of the Civil Rights Act of 1964. (Dkt. No. 1.) Public

---

[1] On July 8, 2014, Public Health filed a letter responding to Naguib's objections.

1

Health answered, interposing a counterclaim for alleged conversion of its property. (Dkt. No. 5.) After Naguib requested and received two pre-trial conference adjournments, Judge Bloom denied her third request, and the parties appeared for an initial conference on September 12, 2012. In a replay, Naguib requested and was granted two adjournments before the parties met for a status conference on November 9, 2012, at which Judge Bloom directed them to complete all discovery by March 15, 2013. On January 16, 2013, plaintiff wrote to defendant's counsel that she would be unable to attend the deposition they had scheduled for January 23, 2013, because she would be out of town until February 28, 2013.

On February 4, 2013, attorney Eric Suffin entered an appearance on behalf of Naguib, and requested leave to move to voluntarily dismiss the action. Defendant opposed, complaining that plaintiff had failed to respond to any discovery requests, and had also appeared for an unemployment hearing on February 7, 2013, despite having claimed she would be out of town until February 28. (Dkt. No. 32.) Judge Bloom held a conference on February 27, 2013, at which she granted plaintiff leave to file a motion for voluntary dismissal. This Court denied the motion on January 31, 2014, but deemed the complaint amended as set forth in Dkt. No. 38-1.

At a status conference on March 19, 2014, Judge Bloom set a new discovery deadline of May 23, 2014, and specifically ordered plaintiff to appear for her May 1, 2014 deposition. Judge Bloom warned Naguib that if she failed to appear for the deposition, she would recommend that the action be dismissed. On April 29, 2014, plaintiff's counsel filed a motion to withdraw, citing irreconcilable differences, particularly Naguib's unwillingness to attend her May 1, 2014 deposition. (Dkt. No.

47.) On May 1, 2014, Public Health informed Judge Bloom that Naguib had unilaterally failed to appear for her deposition and requested that the Court dismiss the action. (Dkt. No. 50.)

On May 15, 2014, Judge Bloom granted plaintiff's counsel's request to withdraw and, generously, granted Naguib one final opportunity to attend her deposition, staving off dismissal. (Dkt. No. 55.) Judge Bloom warned Naguib again that if she failed to appear, absent exigent circumstances, it would be recommended that the action be dismissed with prejudice. (*Id.*) Because Naguib raised fears of harassment by two representatives of Public Health who planned to attend the deposition, Judge Bloom initially ruled that defendant's representatives could not be present at the deposition and could instead appear only by phone. Public Health moved for reconsideration, on the ground that telephonic participation would not allow its counsel to be contemporaneously alerted to inconsistencies in Naguib's testimony. (Dkt. No. 56.) Judge Bloom granted the request, but, to allay Naguib's concerns, instituted a series of security measures to ensure Naguib's safety, including that the deposition take place on June 4, 2014 in the courthouse, and that defendant's representatives pass through security and be accompanied by counsel at all times. (Dkt. No. 57.) After Naguib moved for reconsideration of that order, (Dkt. No. 60), Judge Bloom, while denying Naguib's motion, further ordered that only one of the two representatives could attend, and that defendant's counsel and representative would arrive at least 10 minutes before and leave at least 15 minutes after Naguib. (Dkt. No. 62.) Judge Bloom reminded Naguib that failing to appear would result in a recommendation of dismissal and that "no further chances [would]

be given." (*Id.*)

On June 2, 2014, Naguib moved to adjourn the June 4 deposition to allow her more time to obtain a new attorney. (Dkt. No. 63.) Judge Bloom denied the request and, once again, advised plaintiff that her failure to appear would not be excused and would result in a recommendation that the action be dismissed with prejudice. (Dkt. No. 65.) Because the order was issued on the eve of the deposition, Judge Bloom took the extra step of emailing a copy to Naguib. On June 4, 2014, defendant's counsel notified the Court that Naguib failed to appear for her deposition, and requested that the Court dismiss the action with prejudice. (Dkt. No. 66.) Naguib opposed the request, stating that she had notified Public Health and the Court that she would not attend the deposition without an attorney. (Dkt. No. 67.)

## Standard of Review

To the extent that a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1) (C); *see also* Fed. R. Civ. P. 72(b)(3). "The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *Reyes v. LaValley*, 10-CV-2524, 2013 WL 4852313, at *1 (E.D.N.Y. Sept. 10, 2013) (quoting *Milano v. Astrue*, 05-CV-6527, 2008 WL 4410131 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate [judge]'s proposal, such that no party be

4

allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, 06-CV-5023, 2008 WL 2811816 (S.D.N.Y. July 21, 2008) (internal quotation and citation omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010) (summary order). "[W]hen a party makes only conclusory or general objections, or simply reiterates [her] original arguments, the Court reviews the Report and Recommendation only for clear error." *Reyes*, 10-CV-2524, 2013 WL 4852313, at *1 (quoting *Walker v. Vaughan*, 216 F.Supp.2d 290, 292 (S.D.N.Y. 2002)); *see also Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation and citation omitted).

## Discussion

Naguib's objections to the R&R fail to target particular findings in it. Instead, they are merely an attempt to relitigate the same arguments considered and rejected by Judge Bloom previously, namely, that she was entitled to refuse to attend her deposition without an attorney because she feared harassment by Public Health's representatives—all despite months of advance notice and months to retain counsel. Accordingly, this Court need only review the R&R for clear error. Even if the Court were reviewing the R&R *de novo*, however, it would adopt Judge Bloom's findings in their entirety.

Under Rule 37(b)(2), courts enjoy broad discretion to sanction parties that fail to obey discovery orders. This discretion includes, but is not limited to, the

power to issue an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); *see Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (affirming dismissal of *pro se* action as a sanction for willful failure to appear at three scheduled depositions).

In determining whether to dismiss an action under Rule 37, a court should consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal*, 555 F.3d at 302 (internal quotation marks omitted). Judge Bloom carefully considered each factor and determined that each favored a sanction of dismissal in this case. Upon review, the Court finds itself in full agreement with Judge Bloom's analysis, and with her conclusion that Naguib's repeated and willful abuse of the Court's process has more-than-earned the recommended sanction. Accordingly, the Court adopts Judge Bloom's characteristically thorough and well-reasoned R&R in its entirety as the opinion of the Court.

## Conclusion

For the foregoing reasons, as recommended by Judge Bloom, this action is dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) for plaintiff's failure to comply with the Court's orders to attend her deposition. Defendant's counterclaim for conversion is likewise dismissed, but without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      July 15, 2014

                                      s/Eric N. Vitaliano

                                      ERIC N. VITALIANO
                                      United States District Judge